■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ALLEN ROSE, Appellant.— Order, Supreme Court, Bronx County, entered on August 2, 1971, affirmed. Concur — Nunez, J. P., Kupferman, Steuer and Eager, JJ.; Murphy, J., dissents in the following memorandum: Although the court below correctly stated appellant's claim to be that his lawyer failed to prosecute his appeal although he had promised to do so, he denied the application without a hearing on the ground that where, as here, defendant had pleaded guilty, a *Montgomery* hearing was not required. Examination of the minutes of sentence discloses that defendant's counsel responded affirmatively when asked if he would remain in the case until the time to appeal had expired. This colloquy obviously related to, and presupposed, the taking of a timely appeal. Accordingly, Trial Term's reliance on *People* v. *Lynn* (28 N Y 2d 196) and *People* v. *Montgomery* (24 N Y 2d 130) was misplaced. The rules of this court provide: "§ 606.5 *Duties of Counsel with respect to representation of defendants in criminal actions.* (a) *Duties of assigned or retained counsel.* (1) It shall be the duty of counsel assigned to or retained for the defense of a defendant in a criminal action or proceeding to represent defendant until the action or proceeding has been terminated in the trial court, and to comply with the provisions of paragraph (b)(1) of this rule, after which the duties of assigned counsel shall be ended. * * * (b) Notification of right to appeal * * * Where there has been a conviction after trial or otherwise * * * it shall be the duty of counsel, retained or assigned * * * to advise the defendant in writing of his right to appeal * * * the time limitations involved, in the manner of instituting an appeal and of obtaining a transcript of the testimony, and of the right of a person who * * * is unable to pay the cost of an appeal to apply for leave to appeal as a poor person. It shall also be the duty of such counsel to ascertain whether defendant wishes to appeal and, if so, to serve and file the necessary notice of appeal." (22 NYCRR 606.5.) The sentencing court complied with the foregoing. However, for this court now to give no meaning to its own Rule that is intended solely to protect a defendant's right to appeal is to put all on notice that the trial court's compliance with the rules is an ineffective ritual. A defendant, after sentence and being advised that his right to appeal will be protected, can take little solace in the pronouncement of the trial court and his counsel. For if he were to rely on it, and, as here, nothing were done, he can expect no vindication. He will be told, as here, that he must now meet all the *Montgomery* and *Lynn* tests when in reality these rules were

promulgated to prevent any future injustices after *Montgomery*. The right to appeal was to be protected whether the defendant was convicted after trial or by plea. The reasons for appeal were not to be a condition precedent to the right the defendant has by statute to appeal. The added burden on the defendant to now justify an appeal six months after sentence by *coram nobis* before another Justice after the sentencing court asked defense counsel to "remain in the case * * * until (the defendant's) time to appeal has expired" and defense counsel consented, is unjust and unfair. This application is governed by the principles enunciated in *People* v. *Callaway* (24 N Y 2d 127), and defendant was entitled to a hearing *as to the truth* of his assertion that he was led to believe that an appeal would be taken and that he reasonably relied thereon. It may also be noted that while there may be questionable merit to defendant's contention that his attorney's unkept sentence promise entitles him to withdraw his guilty plea (*People* v. *Leeson,* 27 N Y 2d 680) the 10-year sentence alone would appear to raise a viable appellate issue (*People* v. *Coleman,* 30 N Y 2d 582). Finally, although the relief granted in *Callaway* (*supra*) consisted only of a remand for a hearing, it is submitted that no similar limited remand is required in this case. The minutes of sentence sufficiently substantiate the claim. Accordingly, the order appealed should be reversed and resentence imposed.